ROBERT J. GANDY (State Bar No. 225405)
YARON SHAHAM (State Bar No. 217192)
JOE H. TUFFAHA (State Bar No. 253723)
SEVERSON & WERSON, A Professional Corporation
The Atrium-19100 Von Karman Ave., Suite 700
Irvine, CA  92612-6578
Telephone:  (949) 442-7110
Facsimile: (949) 442-7118
ys@severson.com and jht@severson.com

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:  (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
U.S. BANK, N.A.; GMAC MORTGAGE, LLC; and
ETS SERVICES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DE VICO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A., a corporation; GMAC MORTGAGE, LLC, a limited liability company; ETS SERVICES, LLC; a limited liability company; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.:  12-CV-03205-MMM-FFM<br>Hon. Margaret M. Morrow<br>Ctrm 780<br><br>**DEFENDANTS U.S. BANK, N.A.'S, GMAC MORTGAGE, LLC'S AND ETS SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:**   June 25, 2012<br>**Time:**   10:00 a.m.<br>**Ctrm.:**  780<br><br>FAC Filed: April 16, 2012<br>Complaint Filed:  April 12, 2012 |

# TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND.................................................................. 1

III.   LEGAL AUTHORITY FOR A 12(B)(6) MOTION TO
       DISMISS............................................................................................ 2

IV.    THE ENTIRE LAWSUIT IS IMPROPER UNDER *GOMES* ...................... 3

V.     THE ENTIRE FIRST AMENDED COMPLAINT FAILS DUE
       TO FAILURE TO TENDER ................................................................. 5

VI.    THE QUIET TITLE JUDGMENT PLAINTIFF REFERS TO
       IN THE FAC DOES NOT PERTAIN TO DEFENDANTS ......................... 6

VII.   PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL
       FORECLOSURE .................................................................................. 7

       A.    Plaintiff Fails To Allege Tender.............................................. 7

       B.    Plaintiff's Argument Regarding Securitization Of His
             Loan Lacks Merit .................................................................... 7

       C.    Plaintiff's Argument That Defendants Could Not
             Foreclose On The Subject Property Because They Do
             Not Hold A Beneficial Interest Is Without Merit.................... 8

       D.    Plaintiff's Argument That Defendants Must Produce The
             Note Is A Discredited Theory ................................................. 8

VIII.  PLAINTIFF CANNOT STATE A CLAIM FOR SLANDER
       OF TITLE AGAINST DEFENDANTS .................................................. 9

IX.    PLAINTIFF FAILS TO STATE A CLAIM FOR
       CANCELLATION OF INSTRUMENTS ................................................. 10

X.     PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET
       TITLE ............................................................................................... 10

XI.    PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS ...................... 11

XII.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS..................... 11

XIII.  CONCLUSION.................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*Abdallah v. United Sav. Bank,*
   43 Cal.App.4th 1101 (1996) ..............................................................................6

*Aguilar v. Bocci,*
   39 Cal.App.3d 475 (1974) ..............................................................................10

*Anaya v. Advisors Lending Group,*
   2009 WL 2424037 (E.D. Cal. 2009).................................................................9

*Arnolds Management Corp. v. Eischen,*
   158 Cal.App.3d 575 (1984) ..............................................................................5

*Associated Gen. Contractors v. Metro. Water Dist.,*
   159 F.3d 1178 (9th Cir. ____ ) ........................................................................3

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) ............................................................................2

*Bell Atlantic Co. v. Twombly,*
   550 U.S. 544 (2007)...........................................................................................2

*C.J.L. Const., Inc. v. Universal Plumbing,*
   18 Cal.App.4th 376 (1993) ............................................................................11

*Cairns v. Franklin Mint Co.,*
   24 F.Supp.2d 1013 (C.D. Cal. 1998) ...............................................................2

*California Ins. Guar. Ass'n. v. Sup. Ct. (Jakes),*
   231 Cal.App.3d 1617 (1991) ..........................................................................11

*City of Cotati v. Cashman,*
   20 Cal.App.4th 69 (2002) ...............................................................................11

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ..............................................................................3

*Cox Commc'ns PCS, L.P. v. City of San Marcos,*
   204 F.Supp.2d 1272 (S.D. Cal. 2002)..............................................................12

*Destfino v. Kennedy,*
2009 WL 63566 (E.D. Cal. 2009)............................................................3

*Gaffney v. Downey Savings & Loan Ass'n.,*
200 Cal.App.3d 1154 (1988) ...................................................................6

*Gauvin v. Trombatore,*
682 F.Supp. 1067 (N.D. Cal. 1988).........................................................3

*Glass v. Gulf Oil Corp.,*
12 Cal.App.3d 412 (1970) .......................................................................9

*Gomes v. Countrywide,*
192 Cal.App.4th 1149 (2011) ..........................................................3, 4, 5

*Hafiz v. Greenpoint Mortgage Funding, Inc.,*
652 F.Supp.2d 1039 (N.D. Cal. 2009).....................................................7

*Hood v. Sup. Ct.,*
33 Cal.App.4th 319 (1995) ....................................................................11

*I.E. Associates v. Safeco Title Ins. Co.,*
39 Cal.3d 281 (1985) ...............................................................................4

*In re Glenfed, Inc. Sec. Litig.,*
42 F.3d 1541 (9th Cir.1994) ....................................................................2

*Karlsen v. American Savings & Loan Association,*
15 Cal.App.3d 112 (1971) .......................................................................5

*King v. California,*
784 F.2d 910 (9th Cir. 1986) ...................................................................3

*Lane v. Vitek Real Estate Indus. Group,*
713 F.Supp.2d 1092 (N.D. Cal. 2010)......................................................7

*Lane v. Vitek Real Estate Industries Group,*
713 F.Supp.2d 1092 (E.D. Cal. 2010) .....................................................4

*Lewis v. Sup. Ct.,*
30 Cal.App.4th 1850 (1994) ..................................................................10

*Lu v. Hawaiian Gardens Casino, Inc.,*
50 Cal.4th 592 (2010) ..............................................................................5

*Ludgate Ins. Co. v. Lockheed Martin Corp.,*
    82 Cal.App.4th 592 (2002) ................................................................. 11

*McDowell v. Watson,*
    59 Cal.App.4th 1155 (1997) .............................................................. 11

*Mir v. Little Co. of Mary Hosp.,*
    844 F.2d 646 (9th Cir. 1988) ............................................................... 3

*Moeller v. Lien,*
    25 Cal.App.4th 822 (1994) ............................................................. 4, 8

*Morris v. BMW of N. Am., LLC,*
    2007 WL 3342612 (N.D. Cal. 2007) ................................................... 2

*Nguyen v. Calhoun,*
    105 Cal.App.4th 428 (2003) ................................................................ 6

*Nool v. Homeq Servicing,*
    653 F.Supp.2d 1047 (E.D. Cal. 2009) ................................................. 7

*Saldate v. Wilshire Credit Corp.,*
    686 F.Supp.2d 1051 (E.D.Cal. 2010) .................................................. 9

*Smith v. Williams,*
    55 Cal.2d 617 (1961) ........................................................................ 10

*Spencer v. DHI Mortg. Co., Ltd.,*
    642 F.Supp.2d 1153 (E.D. Cal. 2009) ................................................. 9

*United States Cold Storage v. Great Western Savings & Loan Ass'n,*
    165 Cal.App.3d 1214 (1985) ........................................................... 5, 7

*Van Dyke Ford, Inc. v. Ford Motor Co.,*
    399 F.Supp. 277 (E.D. Wis. 1975) ...................................................... 3

**STATUTES**

California Civil Code
    Section 2924 .............................................................................. 4, 8, 9
    Section 2943 ...................................................................................... 9

California Code of Civil Procedure
    Section 761.020 ............................................................................... 10
    Section 3412 ..................................................................................... 10

19000.1253/2199924.1

1

## OTHER AUTHORITIES

2

Federal Rules of Civil Procedure
   Rule 8 ............................................................................................2, 3
   Rule 9 ...............................................................................................2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Motion to Dismiss
Case No.: 8:11-CV-01497 DOC (Ex)

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on Monday, **June 25, 2012** at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 780, of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendants U.S. Bank, N.A. ("US Bank"), GMAC Mortgage, LLC ("GMACM") and ETS Services, LLC ("ETS") (collectively, "Defendants") will move and hereby do move the Court for an order dismissing all of the claims asserted in this action on the basis that each fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 2, 2012.

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Request for Judicial Notice, and such other and further evidence as may be presented to the Court at or before the time set for the hearing on this matter.

DATED: May 8, 2012

SEVERSON & WERSON
A Professional Corporation

By:   /s/ Yaron Shaham
Robert J. Gandy
Yaron Shaham
Joe H. Tuffaha
Attorneys for Defendants
U.S. Bank, N.A.; GMAC Mortgage,
LLC; and ETS SERVICES, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants U.S. Bank, N.A. ("US Bank"), GMAC Mortgage, LLC ("GMACM") and ETS Services, LLC ("ETS") (collectively, "Defendants") respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the First Amended Complaint ('FAC").

### I.

### INTRODUCTION

Plaintiff Robert De Vico ("Plaintiff") filed his initial Complaint with this Court on April 12, 2012. Plaintiff filed his FAC on April 16, 2012. Plaintiff alleges he is the lawful owner of the real property located at 3380 Deronda Drive, Los Angeles, CA 90038 (the "Subject Property"). In light of Plaintiff's default on the subject loan, a nonjudicial foreclosure process was initiated. Plaintiff alleges Defendants did not have the authority to initiate a foreclosure, nor could they foreclose. In light of Defendants' alleged wrongdoing, Plaintiff is seeking to recover monetary damages and equitable relief.

### II.

### FACTUAL BACKGROUND

Plaintiff received title to the Subject Property on January 9, 2011. (Defendants' Request for Judicial Notice "RJN", Ex. A.) Plaintiff obtained a loan from T.J. Financial, Inc. on or about November 3, 2005, in the amount of $565,000.00 (the "Subject Loan" or "Subject Promissory Note"). (RJN, Ex. B.) The Subject Loan was secured by a Deed of Trust (the "Subject Deed of Trust") recorded against the Subject Property on November 15, 2005. (*Id.*) The Deed of Trust named MERS as the beneficiary, acting solely as the nominee for the lender. (*Id.*)

On December 12, 2011, an Assignment of Deed of Trust was recorded whereby all beneficial interest under the Subject Deed of Trust was assigned to U.S. Bank National Association as Trustee for RFMSI 2005S9. (RJN, Ex. C.)

On December 14, 2011, a Substitution of Trustee was recorded whereby ETS

1  became the trustee under the Deed of Trust.  (RJN, Ex. D.)  On that same date, ETS

2  recorded a Notice of Default and Election to Sell Under Deed indicating a breach on

3  October 1, 2010.  (RJN, Ex. E.)

4         On March 16, 2012, a Notice of Trustee's Sale was recorded with the Los

5  Angeles County Recorder's Office.  (RJN, Ex. F.)

6                                            III.

7         **LEGAL AUTHORITY FOR A 12(B)(6) MOTION TO DISMISS**

8         To avoid dismissal under Rule 8(a), a complaint must include "enough facts to

9  state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*,

10  550 U.S. 544, 547 (2007).  Stated differently, a plaintiff must plead sufficient facts

11  "to provide the 'grounds' of his 'entitlement to relief,' [which] requires more than

12  labels and conclusions, and [for which] a formulaic recitation of the elements of a

13  cause of action will not do." *Id.* at 555.  Thus, a complaint cannot simply "le[ave]

14  open the possibility that a plaintiff might later establish some 'set of undisclosed

15  facts' to support recovery." *Id.* at 561.  Rather, the facts set forth in the complaint

16  must be sufficient to "nudge" the "claims across the line from conceivable to

17  plausible." *Id.* at 570.

18         Allegations of fraud must meet the heightened pleading standards of

19  Rule 9(b), which requires allegations of "particular facts going to the circumstances

20  of the fraud, including time, place, persons, statements made and an explanation of

21  how or why such statements are false or misleading." *Morris v. BMW of N. Am.*,

22  *LLC*, 2007 WL 3342612 at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*,

23  42 F.3d 1541, 1547-48 n. 7 (9th Cir. 1994) (en banc)).

24         A motion to dismiss tests the legal sufficiency of the claims alleged in the

25  complaint. *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998).

26  A claim is properly dismissed for "lack of a cognizable legal theory," "absence of

27  sufficient facts alleged under a cognizable legal theory," or seeking remedies to

28  which plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dept.*,

1  901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir.
2  1986).

3      Although facts properly alleged must be construed most favorably to plaintiff,
4  "conclusory allegations of law and unwarranted inferences are not sufficient to
5  defeat a motion to dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*,
6  159 F.3d 1178, 1181 (9th Cir.) (citation omitted). "[T]he court is not required to
7  accept legal conclusions cast in the form of factual allegations if those conclusions
8  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness
9  Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Also, "it is proper for the district
10  court to 'take judicial notice of matters of public record outside the pleadings' and
11  consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary
12  Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

13      Where a plaintiff sues multiple defendants and sets forth multiple causes of
14  action, he "must allege the basis of his claim against *each defendant* to satisfy
15  Rule 8(a)(2), which requires a short and plain statement of the claim to put
16  defendants on sufficient notice of the allegations against them." *Gauvin v.
17  Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (*emphasis added*).
18  Complaints that allege "wholesale 'everyone did everything' fail to comply with the
19  Rules." *Destfino v. Kennedy*, Slip Copy, 2009 WL 63566 (E.D. Cal. 2009)
20  (dismissing complaint for generally alleging Defendants throughout when there were
21  eight defendants). "Specific identification of the parties to the activities alleged is
22  required ... to enable the defendant[s] to plead intelligently. *Van Dyke Ford, Inc. v.
23  Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D. Wis. 1975).

24                              **IV.**
25      **THE ENTIRE LAWSUIT IS IMPROPER UNDER *GOMES***
26      Lawsuits in which a homeowner, without any supporting factual justification,
27  seeks to explore whether the defendants have the authority to initiate foreclosure
28  proceedings are improper. They disrupt the very non-judicial nature of a power of

1   sale clause in a deed of trust.  Civil Code Sections 2924 through 2924k "provide a

2   comprehensive framework for the regulation of a non-judicial foreclosure sale

3   pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*,

4   25 Cal.App.4th 822, 830 (1994).  "These provisions cover every aspect of exercise of

5   the power of sale contained in a deed of trust." *I.E. Associates v. Safeco Title Ins.*

6   *Co.*, 39 Cal.3d 281, 285 (1985).  "The purposes of this comprehensive scheme are

7   threefold:  (1) to provide the creditor/beneficiary with a quick, inexpensive and

8   efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor

9   from wrongful loss of the property; and (3) to ensure that a properly conducted sale

10  is final between the parties and conclusive as to a bona fide purchaser." *Moeller v.*

11  *Lien, supra*, 25 Cal.App.4th at p. 830.  "Because of the exhaustive nature of this

12  scheme, California appellate courts have refused to read any additional requirements

13  into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Industries*

14  *Group*, 713 F.Supp.2d at 1098 (E.D. Cal. 2010); see also *Moeller v. Lien, supra*,

15  25 Cal.App.4th at p. 834 ["It would be inconsistent with the comprehensive and

16  exhaustive statutory scheme regulating non-judicial foreclosures to incorporate

17  another unrelated cure provision into statutory non-judicial foreclosure

18  proceedings."].)

19       Notwithstanding this exhaustive statutory framework, Plaintiff initiated this

20  litigation in order to stop the foreclosure proceedings on the grounds Defendants

21  lacked the authority required to initiate foreclosing proceedings.  (*See* FAC, ¶74.)

22  The court in *Gomes* was presented with a similar argument, in which a plaintiff

23  argued the defendant lacked the requisite authority to foreclose, and the court

24  immediately rejected it:

25       "By asserting a right to bring a court action to determine whether the
         owner of the Note has authorized its nominee to initiate the foreclosure
26       process, Gomes is attempting to interject the courts into this
         comprehensive nonjudicial scheme.  As Defendants correctly point out,
27       Gomes has identified no legal authority for such a lawsuit.  Nothing in
         the statutory provisions establishing the nonjudicial foreclosure process
28       suggests that such a judicial proceeding is permitted or contemplated."

---

Defendants' Motion to Dismiss
Case No.: 2:12-CV-03205 MMM (FFM)

1   *Gomes v. Countrywide*, 192 Cal.App.4th 1149, 1154 (2011). The Court later

2   concluded, "nowhere does the statute provide for a judicial action to determine

3   whether the person initiating the foreclosure process is indeed authorized and we see

4   no ground for implying such an action." *Id.* at 1155 (citing *Lu v. Hawaiian Gardens*

5   *Casino, Inc.*, 50 Cal.4th 592, 596 (2010). The instant case is no different than

6   *Gomes*. Allowing it to proceed, "would fundamentally undermine the non-judicial

7   nature of the process and introduce the possibility of lawsuits filed solely for the

8   purpose of delaying valid foreclosures." (*Id.*) In light of these authorities, there is

9   no question that this lawsuit, in which Plaintiff seeks to "ascertain which, if any, of a

10  multitude of entities . . . has standing to . . . to foreclose on his home" is improper.

11  (FAC, ¶10.) Therefore, the Motion to Dismiss should be granted as to the entire

12  FAC, without leave to amend.

13                                        **V.**

14  **THE ENTIRE FIRST AMENDED COMPLAINT FAILS DUE TO FAILURE
    TO TENDER**

15

16       The focus of Plaintiff's action is to challenge the foreclosure on the Subject

17  Property. Plaintiff, however, lacks standing to challenge this foreclosure. California

18  law is clear that a claim to challenge a foreclosure is equitable in nature and a

19  plaintiff cannot receive such equitable relief where the plaintiff has not himself done

20  equity. *See Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 577

21  (1984). Therefore, before a borrower can maintain a claim attacking a foreclosure,

22  the borrower must actually pay, or offer to pay, the entire loan amount. *See*

23  *Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112, 117 (1971);

24  *United States Cold Storage v. Great Western Savings & Loan Ass'n.*,

25  165 Cal.App.3d 1214, 1225 (1985).

26       The courts have expanded the application of the "tender rule" and a claim

27  "implicitly integrated with the wrongful foreclosure allegation fails unless the trustor

28  can allege and establish a valid tender." *Arnolds*, 158 Cal.App.3d at 579; *Karlsen*,

-5-

1   15 Cal.App.3d at 121; *see, also, Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101,

2   1109 (1996).  Further, the court in *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439

3   (2003) stated that, "[I]t is a borrower's responsibility to make an unambiguous tender

4   of the amount due or else suffer the consequences that the tender is of no effect."

5   Moreover, the tender rule is strictly applied.  *Id.*

6       Here, the FAC seeks to challenge the foreclosure process initiated with respect

7   to the Subject Property.  However, Plaintiff fails to allege he attempted to tender or

8   actually tendered the amounts due on the Subject Loan. Plaintiff's allegation that he

9   is willing to tender "once the entity lawfully entitled to said payments is ascertained

10  by the Court" does not suffice.  (FAC, ¶13.)  "The rules which govern tenders are

11  strict and are strictly applied." *Nguyen*, 105 Cal.App.4th at 439.  "The tenderer must

12  do and offer everything that is necessary on his part to complete the transaction, and

13  must fairly make known his purpose without ambiguity, and the act of tender must

14  be such that it needs only acceptance by the one to whom it is made to complete the

15  transaction." *Gaffney v. Downey Savings & Loan Ass'n.*, 200 Cal.App.3d 1154,

16  1165 (1988).  Therefore, to the extent that Plaintiff's entire Complaint is premised on

17  an alleged wrongful foreclosure, the Complaint fails for this reason alone.

18                                    **VI.**

19  **THE QUIET TITLE JUDGMENT PLAINTIFF REFERS TO IN THE FAC
    DOES NOT PERTAIN TO DEFENDANTS**

20

21      Plaintiff argues that a quiet title judgment issued in the Los Angeles Superior

22  Court precludes Defendants from foreclosing on the Subject Property.  (FAC, ¶8.)

23  Such a contention, however, is unavailling.  The quiet title judgment attached as

24  Exhibit G to the FAC quiets title as to T.J. Financial, Inc. ("T.J. Financial") only.

25  T.J. Financial, who is not even a part to this action, was the original lender on the

26  Subject Loan. T.J. Financial assigned its beneficial interest under the Subject Deed

27  of Trust on December 2, 2011.  (*See* RJN, Ex. C.)  Therefore, at the time the quiet

28  title judgment was entered against T.J. Financial, on March 13, 2012, T.J. Financial

1   had *no* interest in the Subject Deed of Trust.  (*See* FAC, Ex. G.)  Furthermore, title

2   was not quieted as to any of the instant Defendants, who were not parties to that

3   action.  (*See id.*)

### VII.

### PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE

#### A.   Plaintiff Fails To Allege Tender

8       It is well-established that before a borrower can bring a cause of action to

9   challenge a foreclosure, the borrower must pay the entire loan amount prior to the

10  sale. *United States Cold Storage of California v. Great Western Savings & Loan

11  Association* (1985) 165 Cal.App.3d 1214, 1222.  As discussed, *supra*, Plaintiff has

12  failed to allege tender, and therefore, Defendants' Motion to Dismiss should granted

13  without leave to amend.

#### B.   Plaintiff's Argument Regarding Securitization Of His Loan Lacks Merit

16      Plaintiff alleges his loan was improperly securitized.  (*See* FAC, ¶¶16, 27.)

17  Such an allegation is legally baseless.  A plaintiff cannot argue that foreclosing

18  defendants lack ability to foreclose because a loan was placed into a securitized trust,

19  or has been assigned and sold on the secondary mortgage market.  *See, e.g., Lane v.

20  Vitek Real Estate Indus. Group,* 713 F.Supp.2d 1092, 1099 (N.D. Cal. 2010) ("the

21  argument that parties lose their interest in a loan when it is assigned to a trust pool

22  has also been rejected by many district courts."); *Hafiz v. Greenpoint Mortgage

23  Funding, Inc.,* 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (rejecting plaintiff's claim

24  that the defendants had no authority to foreclose because the loan was part of a

25  securitized trust, calling the argument "a moot and distracting point"); *Nool v. Homeq

26  Servicing,* 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009) (holding that California's

27  comprehensive non-judicial foreclosure statutes prevent a borrower from adding

28  additional foreclosure requirements that are not set forth in the statutes.  This is

1  because California's "Civil Code provisions 'cover every aspect' of the foreclosure
2  process, and are 'intended to be exhaustive.)  There is simply no legal basis for
3  Plaintiff's argument that he can somehow invalidate the foreclosure proceedings in
4  this case by filing an action based on vague claims that none of the foreclosing
5  defendants had the proper authority to foreclose.

6  **C.   Plaintiff's Argument That Defendants Could Not Foreclose On The**
7  **Subject Property Because They Do Not Hold A Beneficial Interest**
8  **Is Without Merit**

9      Plaintiff's allegation that Defendants could not foreclose upon the Subject
10  Property because "none of the defendants is the . . . beneficiary of the Promissory
11  note or DOT" is without merit (FAC ¶78).  The relevant statute does not require a
12  beneficial interest in both the Note and the Deed of Trust to commence a
13  non-judicial foreclosure sale.  California Civil Code §§ 2924-2924k provide a
14  "comprehensive framework for the regulation of a nonjudicial foreclosure sale
15  pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien,*
16  25 Cal.App.4th 822, 830 (1994).  Within this framework, non-judicial foreclosure
17  proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of
18  their authorized agents" by filing a notice of default with the office of the recorder.
19  Cal. Civ. Code, § 2924(a)(1).  There is no stated requirement in California's non-
20  judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.
21  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their
22  agents to initiate non-judicial foreclosure.

23  **D.   Plaintiff's Argument That Defendants Must Produce The Note Is A**
24  **Discredited Theory**

25      Plaintiff's allegation that Defendants could not foreclose upon the Subject
26  Property because "none of the defendants is the true . . . holder . . . of the Promissory
27  note or DOT" is without merit (FAC ¶78).  The statutory provisions of Civil Code
28  section 2924, *et seq.* do not expressly include the requirement of possession of the

original note.  For example, a trustor, mortgagor, or beneficiary under a deed of trust, may request by written demand "a true, correct and complete *copy* of the note or *other evidence* of indebtedness…."  Civ. Code, §2943(a)(4), (b)(1),(2) (italics added). Further, case law is clear that no party needs to physically possess the original promissory note in order to foreclose validly.  *See e.g. Saldate v. Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1068 (E.D.Cal. 2010) (" 'Under Civil Code section 2924, no party needs to physically possess the promissory note.' "); *Anaya v. Advisors Lending Group,* 2009 WL 2424037, 11 (E.D. Cal. 2009) ("no party needs to physically possess the promissory note."); *Spencer v. DHI Mortg. Co., Ltd.,* 642 F.Supp.2d 1153, 1166 (E.D. Cal. 2009) ("Like many other borrowers subject to foreclosure, plaintiffs appear to claim defendants need to possess the original promissory note to permit foreclosure.  Such is not the case in California.")

Based on the foregoing, the Motion to Dismiss should be granted, without leave to amend, as to Plaintiff's claim for Wrongful Foreclosure.

## VIII.

### PLAINTIFF CANNOT STATE A CLAIM FOR SLANDER OF TITLE AGAINST DEFENDANTS

Plaintiff fails to state a claim for Slander of Title.  The elements of a Slander of Title claim are (1) false and unprivileged disparagement, (2) of title to property and (3) resulting in actual pecuniary damage.  *Glass v. Gulf Oil Corp.,* 12 Cal.App.3d 412, 419 (1970).

Here, the allegations which underpin this claim (that Defendants lack standing to foreclose upon the Subject Loan) are identical to the allegations which underpin Plaintiff's Wrongful Foreclosure claim.  (FAC, ¶¶87-88.)  As discussed *supra,* the Wrongful Foreclosure claim fails to state a claim.  It follows that the Motion to Dismiss should be granted as to Plaintiff's Slander of Title claim without leave to amend.

## IX.

## PLAINTIFF FAILS TO STATE A CLAIM FOR CANCELLATION OF INSTRUMENTS

To plead a cancellation of instrument cause of action, Plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled and that the instrument is void or voidable.  Cal. Code Civ. Proc., § 3412.  Plaintiff relies on nearly identical allegations contained throughout his Complaint.  The allegations are insufficient to state a claim here because Plaintiff fails to state sufficient facts to support the contention that the Cancellation of Deed of Trust, Substitution of Trustee, Notice of Default or Notice of Trustee's Sale are void.  Moreover, any decree of cancellation must be conditioned upon the restoration of any consideration Plaintiff received.  *Smith v. Williams*, 55 Cal.2d 617, 620 (1961).  Plaintiff has failed to show that he can restore any consideration he received in exchange for a decree of cancellation.  This claim thus fails, and the Motion to Dismiss should be granted without leave to amend.

## X.

## PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE

Plaintiff's Quiet Title claim is without merit.  A borrower cannot "quiet title without discharging her debt.  The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974).  Here, Plaintiff has not sufficiently alleged tender, as discussed *supra*.

Furthermore, this claim fails because in order to properly allege a claim for Quiet Title, the Complaint must be verified.  *Lewis v. Sup. Ct.*, 30 Cal.App.4th 1850, 1866 (1994) (citing CCP §761.020 (complaint to quiet title must be verified).  Here, the FAC is not verified.  Accordingly, Plaintiff has failed to allege a claim for Quiet Title, and the Motion to Dismiss should be granted without leave to amend as to this claim.

## XI.

## PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS

A complaint for Declaratory Relief is sufficient "if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument … and requests that the rights and duties of the parties be adjudged by the court." *Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal.App.4th 592, 605 (2002). "The actual, present controversy must be pleaded specifically and the facts of the respective claims concerning the [underlying] subject must be given." *City of Cotati v. Cashman*, 20 Cal.App.4th 69, 80 (2002).

The availability of another form of adequate relief justifies denial of declaratory relief. *C.J.L. Const., Inc. v. Universal Plumbing*, 18 Cal.App.4th 376, 390 (1993). A declaratory relief action will not lie to determine issues raised in other causes of action before the court as "the object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *California Ins. Guar. Ass'n. v. Sup. Ct. (Jakes)*, 231 Cal.App.3d 1617, 1623-1624 (1991).

Here, Plaintiff requests a declaration that Defendants did not have the right to foreclose upon the Subject Property. As this is the outcome sought in Plaintiff's other causes of action, Plaintiff's claim for Declaratory Relief must be refused as the issues raised therein are already before the Court. *See Hood v. Sup. Ct.*, 33 Cal.App.4th 319, 324 (1995) (holding that declaratory relief is unavailable where it duplicates another cause of action).) Thus, the Motion to Dismiss should be granted as to this claim without leave to amend.

## XII.

## PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS

Injunctive relief is not a cause of action. It is a remedy that must be tethered to some independent legal duty owed by the defendant to the plaintiff. *McDowell v.*

-11-

Defendants' Motion to Dismiss
Case No.: 2:12-CV-03205 MMM (FFM)

1 | *Watson*, 59 Cal.App.4th 1155, 1159 (1997); *Cox Commc'ns PCS, L.P. v. City of San*
2 | *Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002).  The injunctive relief claim,
3 | therefore, cannot stand on its own.

4 |     As shown above, Plaintiff's other claims are defective.  Therefore, the Motion
5 | to Dismiss must be granted without leave to amend as to this claim.

6 | **XIII.**

7 | **CONCLUSION**

8 |     Based on all of the foregoing reasons, those to be set forth in the Reply (if
9 | any) and at oral argument on this matter, Defendants respectfully request that this
10 | Court grant their Motion to Dismiss, in its entirety, without leave to amend.

12 | DATED:  May 8, 2012

SEVERSON & WERSON
A Professional Corporation

By:   */s/ Yaron Shaham*
                Robert J. Gandy
                Yaron Shaham
                Joe H. Tuffaha
Attorneys for Defendants
U.S. Bank, N.A.; GMAC Mortgage, LLC;
and ETS SERVICES, LLC

Defendants' Motion to Dismiss
Case No.:  2:12-CV-03205 MMM (FFM)